527 A.2d 199

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Austin C. Candor, III, Appellee.

Submitted on briefs November 17, 1986, to Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Christopher J. Clements*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Counsel, *Spencer A. Manthorpe*, Chief Counsel, and *Henry G. Barr*, General Counsel, for appellant.

*Larry E. Coploff,* with him, *J. Michael Williamson, Williamson, Coploff & Hanna,* for appellee.

OPINION BY JUDGE BARRY, June 11, 1987:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Clinton County which sustained an appeal of the appellee, Austin C. Candor, III, and vacated DOT's 110 day suspension of appellee's operating privileges.

After three separate speeding violations, appellee's driving record had a total of nine points. Following a departmental hearing, his operating privileges were suspended for fifteen days. After his privileges were restored, appellee was again convicted of speeding and four points were assigned to his record, bringing the point total to eleven. DOT informed appellee that his license would be suspended for 110 days, pursuant to 75 Pa. C. S. §1539, which provides, "When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privileges of the person. . . ." Appellee filed an appeal with the Court of Common Pleas of Clinton County, arguing that his record should have reflected only nine points. The trial court agreed and sustained the appeal, vacating the suspension. This appeal followed.

The issue presented is a straightforward one and deals with two apparently conflicting provisions of the Vehicle Code concerning the number of points removed from one's record following the restoration of operating privileges after a suspension. 75 Pa. C. S. §1538 permits DOT to suspend one's operating privileges for fifteen days when that driver's record shows an accumulation of six or more points for a second time. It was pursuant to this provision that appellee's privileges were first suspended for a fifteen day period. That section further provides, "Upon completion of the sanction or sanctions

imposed by the department, two points shall be removed from the person's record." 75 Pa. C. S. §1538(b)(3). Appellee's record, having nine points at the time of the fifteen day suspension, was reduced to seven by DOT according to Section 1538(b)(3). That subchapter of the Vehicle Code, however, also contains the following, "Upon the restoration of any person's operating privilege which has been suspended . . . pursuant to this subchapter, such person's record shall show five points. . . ." 75 P.S. §1545. Appellee, of course, argues that this provision controls over the previously mentioned language relied upon by DOT; according to appellee's argument, upon restoration of his license after the fifteen day suspension, his record should have indicated a point total of five. As adding the subsequent four points would raise the record only to nine and since Section 1539 requires a total of eleven before suspension is mandated, appellee argued that DOT erroneously ordered suspension of appellee's operating privileges.

Believing that Section 1545 applied rather than Section 1538(b), the trial court accepted appellee's argument in sustaining his appeal. While DOT argued there, as here, that when two sections are irreconcilably in conflict, the specific is to control over the general, 1 Pa. C. S. §1933, the trial court opined that this well accepted canon of construction did not apply because the two sections were not in conflict. As the trial court stated:

> The cause for adjusting the operator's point total in these sections are different. Section 1538(b) requires the completion of the sanctions imposed and Section 1545 requires that the license be suspended and then restored. Restoration of the operator's license is not required for the [driver's] record to be given a two point credit

under Section 1538(b). Section 1538(b) requires only that the sanction be completed and this would have been satisfied at the end of the fifteenth day of the fifteen (15) day suspension. (Opinion of the trial court, p. 4, 12/11/84).

While the trial court's reasoning is plausible, we cannot agree with it. Section 1538(b) deals only with those situations where sanctions are imposed *following a departmental hearing* when a driver's record shows an accumulation of six or more points for a second time. There are numerous other instances within this subchapter which mandate the suspension or revocation of one's operating privileges without resort to such a hearing. *See* Sections 1532, 1533, 1539, 1542, 1543 and 1544. We believe that Section 1545 is a general provision, applying to all suspensions under the above listed sections. When a license is restored following a suspension or revocation under any of those sections, the driver's record will indicate a point total of five. Section 1538(b), having its own provision concerning a point total, applies only to sanctions imposed, including a suspension, following a departmental hearing when a driver's record shows an accumulation of at least six points for a second time.

One example shows the main fallacy in the trial court's reasoning. Suppose one's license was suspended pursuant to a departmental hearing because that driver's record showed a total of six points for the second time. Suppose further that following the departmental hearing, a fifteen day suspension was imposed. Under the trial court's reasoning, that driver's record following completion of the short suspension would indicate five points pursuant to Section 1545, rather than four which would occur by deducting two points pursuant to Section 1538(b)(3).

A review of the entirety of Section 1538 further convinces us that the trial court erred. Section 1538(a),

dealing with the initial accumulation of six or more points, mandates that the department either require the driver to attend driver improvement school or to take a special examination. Should the driver fail to attend and complete the requirements of driver improvement school, a sixty day suspension is mandated. Should the driver fail to pass the special examination, the license is suspended until the examination is passed. Subsection (a) makes no mention of what occurs to the driver's point total following the sixty day suspension or successful completion of the special examination. Under those situations, it would seem that Section 1545 would apply. Under subsection (c), dealing with accumulations of six or more points for the third or subsequent times, the department may suspend for thirty days following a departmental hearing. Again, this subsection does not mention what that driver's point total should show following the completion of the suspension.

Section 1538(b), dealing with only a second accumulation of six or more points, allows three sanctions, including a fifteen day suspension. This subsection specifically provides that the driver's point total would be reduced by two points following completion of whatever sanctions are chosen. Accepting the trial court's reasoning would effectively negate Section 1538(b)(3) when suspension is imposed, thereby violating the canon of construction contained in 1 Pa. C. S. §1922(2), that the General Assembly intends that all of a statute be effective. As both Section 1538(b) and Section 1545 were passed at the same time, and because we believe the two are irreconcilable whenever a second accumulation of six or more points occurs, Section 1538(b)(3) applies in that situation as a specific section over the general provisions of Section 1545.

Reversed.

## ORDER

Now, June 11, 1987, the order of the Court of Common Pleas of Clinton County, dated September 20, 1985, at No. 475-84 Civil is reversed and the suspension by the Department of Transportation is reinstated.